NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM WALLACE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF EAST ORANGE, STATE OF NEW JERSEY, OFFICER M. ALLEN, LT. O'NEILL, SGT. LEGATES, OFFICER DAIN, SGT. SKURGE, JUDGE WATSON and THE NEW JERSEY STATE POLICE,<br><br>    Defendants. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No. 00-CV-376 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court did not hear oral argument on this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure. William Wallace ("Plaintiff") failed to submit opposition to Defendants' motion. After carefully considering the submissions of the Defendant, and for the following reasons, Defendants' motion for summary judgment is **granted.**

## I. PROCEDURAL HISTORY

Plaintiff filed an amended complaint against Defendant Robert O'Neill, a lieutenant in the East Orange Police Department, alleging that he violated Plaintiff's constitutional rights

while acting under color of law.

This Court granted Defendants' motion for Summary Judgment on March 16, 2004. On or about March 30, 2004, Plaintiff appealed. In an opinion filed March 18, 2005, the Third Circuit remanded the matter back to this Court to decide the sole issue of whether the length of Plaintiff's detention at the East Orange Municipal jail violated his rights under the Due Process Clause of the 14th Amendment of the United States Constitution[1].

## II. STATEMENT OF FACTS

On the evening of September 22, 1999, the East Orange Police Department received a call indicating that a man was beating a woman in front of the property at 318 South Clinton Street in East Orange, New Jersey. Two officers were dispatched immediately to the location. Upon their arrival, the officers found a woman standing on the porch of the house at that location. The officers also observed Plaintiff walking away from the property.

Keisha London, the woman on the porch, informed the officers that she had a restraining order against Plaintiff, which he violated by venturing within one thousand feet of her person. The officers arrested Plaintiff for violating the restraining order and immediately transported him to the East Orange Police Department.

Defendant Lt. O'Neill was working the evening shift at the police department's booking desk when the arresting officers brought Plaintiff to the precinct. Relying on the representations of the officers, Lt. O'Neill informed Plaintiff that he was being held for violating a restraining

---

[1] Plaintiff alleges that he was held at the East Orange Municipal jail for four days without the benefit of appearing before a judge.

order. After reading the charges to Plaintiff, Lt. O'Neill inventoried Plaintiff's property and permitted him to make one phone call. The interaction between the parties that evening lasted for approximately two minutes. After the brief encounter, Lt. O'Neill concluded his involvement with Plaintiff by forwarding the necessary paperwork to the appropriate bureau of the East Orange Police Department.

On September 23, 1999, Plaintiff's case was brought before The Hon. Ted Stephens, J.M.C., of the East Orange Municipal Court. Unable to set bail due to the nature of the allegations against Plaintiff, Judge Stephens appropriately referred the matter to New Jersey Superior Court, sitting in Essex County.

On September 24, 1999, Plaintiff was transferred to a jail in Newark. That same day, Plaintiff appeared before The Hon. Allison Brown Jones of the New Jersey Superior Court, sitting in Essex County. Judge Jones denied bail and Plaintiff was immediately transferred to the Essex County Jail in North Caldwell, New Jersey. Bail was eventually set for Plaintiff and he was released on October 6, 1999.

### III.  DISCUSSION

A.  Standard for Summary Judgment

Summary judgment eliminates unfounded claims without recourse to a costly and lengthy trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(c).

The burden of showing that no genuine issue of material fact exists rests initially on the moving party. Celotex, 477 U.S. at 323. A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." Id. at 325. However, this effort requires more than "simply show[ing] that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In evaluating a summary judgment motion a court must view all evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd., 475 U.S. at 587; Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Boyle v. County of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1976)).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. Id. at 248. No issue for trial exists unless the non-moving party can demonstrate sufficient evidence favoring it, such that a reasonable jury could return a verdict in that party's favor. See id. at 249.

B. Analysis

A cognizable, constitutionally protected liberty may emanate from state law. Sandin v. Connor, 515 U.S. 472 (1995). The New Jersey Domestic Violence Act provides in pertinent part that, "Before bail is set, the defendant's prior record shall be considered by the court. The court shall also conduct a search of the domestic violence central registry. Bail shall be set as soon as

feasible, but in all cases within 24 hours of arrest." N.J.S.A. 2C:25-26.

In this case, the evidence clearly shows that Plaintiff did not suffer a constitutional due process injury. A complaint warrant, maintained in the ordinary course of business by the East Orange Municipal Court, indicates that Plaintiff's arrest occurred on the evening of September 22, 1999. The complaint warrant also notes that Plaintiff's case came before Judge Stephens of the East Orange Municipal Court on September 23, 1999.

Judge Stephens was unable to set bail due to the nature of Plaintiff's charges. Accordingly, Judge Stephens referred the matter to the Superior Court. The official records produced by Defendant in support of this application confirm that Plaintiff received a bail hearing within twenty-four hours of his arrest.

Plaintiff has not opposed Defendants' Motion for Summary Judgment. There is no evidence before this Court to support Plaintiff's claim that he did not receive a bail hearing within twenty-four hours of his arrest and there is evidence to the contrary. Plaintiff has failed to produce any facts showing that there is a genuine issue for trial.

Defendants' Motion for Summary Judgment is **granted**.

 S/   Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Dated:        September 22, 2006
Original:     Clerk's Office
Copies:     All Counsel of Record
               File